*Q/C*

**FILED - GR**
January 24, 2011 3:34 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald / _____ SCANNED BY: *AM* / 1-24

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **A D Christian,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Hon. |
| v. | ) |
| | ) |
| **The Receivable Management** | ) |
| **Services Corporation,** | ) |
| a corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**1:11-cv-86**
**Gordon J Quist**
**U.S. District Judge**

## I.    Introduction

1.      This is an action for damages, brought against a debt collector for violating the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Michigan

Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

## II.    Jurisdiction

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C.

§ 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28

U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place

here.

## III.    Parties

3.      Plaintiff A D Christian is a natural person residing in Kent County, Michigan.

Mr. Christian is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.

Mr. Christian is a "consumer," "debtor" and "person" as the terms are defined and/or used in the

1

MOC.

4.      Defendant The Receivable Management Service Corporation ("RMS") is a

Delaware corporation, with its headquarters located at 240 Emery Street, Bethlehem,

Pennsylvania 18015. The registered agent for RMS is The Corporation Company, 30600

Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. RMS uses interstate commerce

and the mails in a business the principal purpose of which is the collection of debts. RMS

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due another. RMS is a "debt collector" as the term is defined and used in the FDCPA.

RMS is a "collection agency" and a "licensee" as the terms are defined and used in the MOC.

**IV.      Facts**

5.      Mr. Christian had a credit account with Sprint which he used to obtain goods

and/or services for personal, family or household purposes. Any resulting obligation to pay

money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6.      Mr. Christian had a disagreement with Sprint regarding the amount of the alleged

debt. Mr. Christian refused to pay the alleged debt.

7.      Mr. Christian has not made a payment on the account since June 2010. Mr.

Christian has no used the account since June 2010.

8.      By letter dated August 24, 2010, a company named North Shore Agency wrote

Mr. Christian, stated that had been hired by Sprint to collect the alleged debt, and demanded

payment of $399.75.

9.      By letter dated September 10, 2010, a company named Advanced Call

Technologies, LLC wrote Mr. Christian, stated that had been hired by Sprint to collect the

2

alleged debt, and demanded payment of $341.89.

10.    Sprint or a successor in interest hired RMS to collect the alleged debt from Mr. Christian.

11.    Alternatively, RMS purchased the alleged debt and related account after the alleged debt and account allegedly became delinquent.

12.    Mr. Christian continues to dispute the alleged debt.

13.    Mr. Christian continues to refuse to pay the alleged debt.

14.    By letter dated October 18, 2010, RMS wrote Mr. Christian, stated that had been hired by Sprint to collect the alleged debt, and demanded payment of $565.52.

15.    In or about January 2011, Mr.Christian spoke by telephone with a female RMS employee. The RMS employee stated that RMS had been hired by Sprint to collect the alleged debt from Mr. Christian. In the ensuing conversation, the RMS employee made the following statements:

a)    Between October 2010 and January 2011, various fees had been added to the account and the balance owed had grown from $565.52 to $1,068.27.

b)    RMS received the account in its office on October 15, 2010. Eighty days from October 15, 2010, derogatory information regarding the account would be placed on Mr. Christian's credit report.

c)    Derogatory information regarding the account would remain on Mr. Christian's credit history for a period of seven years or more from the date the account gets reported to the credit bureaus.

d)    Mr. Christian could not dispute the debt with RMS by telephone.

3

e)      For legal reasons, to dispute the debt, Mr. Christian was required to dispute the
debt in writing.

16.     The Fair Credit Reporting Act,15 U.S.C. § 1681 *et seq.,* states that no consumer
reporting agency may make any consumer report containing information regarding "accounts
placed for collection or charged to profit and loss which antedate the report by more than seven
years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the
expiration of the 180-day period beginning on the date of the commencement of the delinquency
which immediately preceded the collection activity, charge to profit and loss, or similar action."
15 U.S.C. § 1681c(c)(1). Moreover, the Fair Credit Reporting Act states that inquiries may
remain on a consumer report for only two years after the date of the inquiry.

17.     Credit reporting constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank
One,* 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting
agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its
cardholder"); *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); *Ditty v.
CheckRite, Ltd.,* 973 F.Supp. 1320, 1331 (D.Utah 1997).

18.     The RMS employee in her telephone conversation with Mr. Christian falsely
represented to Mr. Christian the length of time for which derogatory information regarding the
account and related debt could remain on Mr. Christian's consumer report.

19.     RMS violated the FDCPA when the RMS employee falsely stated to Mr.
Christian that derogatory information regarding the debt would continue to be reported on Mr.
Christian's consumer report indefinitely and until the debt is resolved. *Shields v. Merchants &
Medical Credit Corporation, Inc.,* 2010 WL 2613086 (E.D. Mich., June 28, 2010).

4

20. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.,* 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation,* 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.,* 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time.

21. The RMS employee made false statements regarding the rights of a consumer to dispute a debt as afforded by the FDCPA.

22. The RMS employee made false statements regarding Mr. Christian's rights to dispute the debt.

23. The RMS employee falsely stated that Mr. Christian could not dispute the debt with RMS by telephone.

24. The RMS employee falsely stated that for Mr. Christian to dispute the debt, Mr. Christian was required to dispute the debt in writing.

25. RMS and its employee made false representations regarding the character,

5

amount and legal status of the debt.

26.     The RMS employee intended to speak the words she spoke to Mr. Christian.

27.     The acts and omissions of RMS and its employee done in connection with efforts to collect a debt from Mr. Christian were done intentionally and wilfully.

28.     RMS and its employee intentionally and wilfully violated the FDCPA and MOC.

29.     As an actual and proximate result of the acts and omissions of RMS and its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.      Claims for Relief**

<strong>Count 1– Fair Debt Collection Practices Act</strong>

30.     Plaintiff incorporates the foregoing paragraphs by reference.

31.     Defendant has violated the FDCPA.  Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a)      Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

b)      Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

c)      Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

d)      Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)      Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

32.      Plaintiff incorporates the foregoing paragraphs by reference.

33.      Defendant has violated the MOC.  Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a)      Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b)      Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor;

c)      Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive and abusive method to collect a debt;

d)      Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

e)      Defendant violated M.C.L. § 339.918.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)      Actual damages pursuant to M.C.L. § 339.916(2);

b)   Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)   Statutory damages pursuant to M.C.L. § 339.916(2); and

d)   Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: January 24, 2011

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com